Case 4:22-cv-01519   Document 8   Filed on 03/28/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PASSAM YUSEF YUSEF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-01519 |
| | § | |
| MARCO RUBIO, SECRETARY OF THE DEPARTMENT OF STATE, JOHN ARMSTRONG, ASSISTANT SECRETARY OF STATE FOR CONSULAR AFFAIRS, and PAMELA BONDI, ATTORNEY GENERAL, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For over ten years, Plaintiff Passam Yusef Yusef waited for the United States to act on his visa application. After this decade-long wait, Yusef decided to take matters into his own hands. He sued the Secretary of State, the Assistant for Consular Affairs, and the United States Attorney General (collectively, "Defendants").[1] (Dkt. No. 1). Defendants contend, however, that Yusef's application *has* been adjudicated, making the case moot.

---

[1] Yusef's Complaint specifically named Antony J. Blinken, then-Secretary of the Department of State; Rena Bitter, the then-Assistant Secretary of State for Consular Affairs; and Merrick B. Garland, the then-United States Attorney General. (Dkt. No. 1). In 2025, however, Marco Rubio became the nation's new Secretary of State; John Armstrong became the Acting Assistant Secretary of State for Consular Affairs; and Pamela Bondi became the United States Attorney General. Accordingly, these Defendants are automatically substituted as the proper defendants in this suit. Fed. R. Civ. P. 25(d) ("[An] officer's successor is automatically substituted as a party."). The Court hereby directs the Clerk to update the docket sheet and case caption to reflect this change.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint as Moot. (Dkt. No. 7). For the reasons below, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff Passam Yusef Yusef received a visitor visa. (Dkt. No. 1 at 4). Eventually, however, that visa was canceled. (*Id.*). So, Yusef and his family reapplied for visitor visas in 2012. (*Id.*). Three years later, they were scheduled to have an interview at the United States consulate in Caracas, Venezuela. (*Id.*). A year after the interview, the consulate arranged for another interview, at which Yusef and his family would deliver their passports for visa stamping. (*Id.*). But at that interview, the consulate placed Yusef's passport in administrative processing and only approved his wife's passport. (*Id.*). Two years later, two congressional inquiries were made into Yusef's visa application: one in 2018 and one in 2019; but the U.S. Department of State could provide no information. (*Id.*).

So, on May 12, 2022, Yusef sued the Secretary of State, the Assistant for Consular Affairs, and the United States Attorney General. (*Id.* at 1–2). In his Complaint, Yusef asked for mandamus relief and requested that this Court (1) require Defendants to adjudicate his petition and visa application; (2) issue a declaratory judgment that Defendants' refusal to adjudicate the petition and attendant visa application violated the Administrative Procedure Act; and (3) award attorney's fees and other relief. (*Id.* at 8). Defendants now move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject-matter jurisdiction. (Dkt. No. 7). Yusef has not responded.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is required when the plaintiff does not "plausibly allege all jurisdictional elements." *Brownback v. King*, 592 U.S. 209, 217, 141 S.Ct. 740, 749, 209 L.Ed. 2d 33 (2021); *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

When a defendant makes a factual attack on jurisdiction, however, "the plaintiff 'has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *see also* 5B Charles Alan Wright et al., Federal Practice and Procedure § 1350 (4th ed.) ("When a factual challenge is made, there is no presumption of truthfulness attached to the plaintiff's allegations, and the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence." (footnote omitted)). Such "a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

facts.'" *Kling*, 60 F.4th at 284 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)).

### III.   DISCUSSION

Defendants argue that this Court lacks subject-matter jurisdiction because the case is moot, given that Yusef's application has already been adjudicated. (Dkt. No. 7 at 2–3). The Court agrees. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam)). More specifically, a case is moot when "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it." *FBI v. Fikre*, 601 U.S. 234, 240, 144 S.Ct. 771, 777, 218 L.Ed.2d 162 (2024).

That is the case here. Yusef asked for mandamus relief and requested that this Court order Defendants to adjudicate his petition and attendant visa application. (Dkt. No. 1 at 8). But in an affidavit attached to their Motion to Dismiss, Defendants have shown that the consular office *has* decided Yusef's petition and application. (Dkt. No. 7-1). It, in fact, denied his petition and application on October 17, 2016—years before Yusef sued. (*Id.*). As a result, Yusef's claims are no longer "live," and this Court lacks jurisdiction. This case must be dismissed. *See Cerkezi v. City of Arlington*, No. 24-10084, 2024 WL 4023769, at *1 (5th Cir. Sept. 3, 2024) (per curiam) ("Mootness deprives a federal

court of jurisdiction because it means that there is no live controversy between contending parties.").

## IV. CONCLUSION

For the above reasons, Defendants' Motion to Dismiss Plaintiff's Complaint as Moot, (Dkt. No. 7), is **GRANTED**. Plaintiff's Original Complaint for Writ of Mandamus and Declaratory Relief, (Dkt. No. 1), is therefore **DISMISSED** as **MOOT**.

It is SO ORDERED.

Signed on March 28, 2025.

_Drew B Tipton_
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**